**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| MOON SOO KIM d/b/a FRIENDLY LIQUOR, § § Plaintiff, § § v. § § STANLEY CONVERGENT SECURITY SOLUTIONS, INC., § § § Defendant. § | Civil Action No. 3:12-cv-4445-M |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Motion to Dismiss, filed by Defendant Stanley Convergent Security Solutions, Inc. ("Stanley") [Docket Entry #4]. For the reasons stated below, the Motion is **GRANTED**.

I.   Background

On March 22, 2012, Plaintiff Moon Soo Kim, d/b/a/ Friendly Liquor, entered into an Installation and Service Agreement (the "Agreement") with Stanley for an alarm system. Three months later, Friendly Liquor was burglarized, resulting in alleged losses of $112,500. Plaintiff claims that loss was proximately caused by Stanley's alleged failure to install a cellular alarm, as provided for in the Agreement. Accordingly, Plaintiff sued to recover those losses from Stanley, under a breach of contract theory. Stanley removed the action based on diversity jurisdiction, and then moved to dismiss portions of the Complaint. Specifically, Stanley argues that Plaintiff's damages are limited, as a matter of law, by a liability limiting provision in the Agreement, and that any portion of the claim seeking in excess of that limit—$1,380—should be

dismissed.[1]  Despite the Court's decision to sua sponte extend the deadline for Plaintiff to respond to the Motion, it did not do so.

## II.   Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  In analyzing a motion to dismiss under Rule 12(b)(6) for failure to state a claim, the court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.  *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004).  The pleading standard Rule 8 announces does not require "detailed factual allegations," but it does demand more than an unadorned accusation devoid of factual support.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A satisfactory pleading must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  While a court must accept all of the claimant's allegations as true, it is not bound to accept as true "a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  "Where a complaint pleads facts that are 'merely consistent with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557).

## III.   Analysis and Conclusion

At issue is whether the Agreement's limitation of liability provision should be enforced

---

[1] It is not entirely clear whether Stanley has moved the Court to dismiss the entirety of the claim because it seeks an unrecoverable amount, or whether Stanley seeks simply to limit the amount that Plaintiff can recover.  On the one hand, Stanley "moves the Court to dismiss the above-captioned case" because Plaintiff "fails to state a claim upon which relief can be granted." Def.'s Mot. ¶1.  This suggests Stanley intended the Court to dismiss the entire claim.  On the other hand, in the very next paragraph, Stanley suggests that the "Court should dismiss Friendly Liquor's breach of contract claim *to the extent Friendly Liquor seeks damages in excess of those recoverable*" under the Agreement.  *Id.* at ¶2 (emphasis added).  Moreover, Stanley later moves the Court to dismiss only "portions" of the claim, and asks that the claim be dismissed only "in part."  Def.'s Brf.  3,10.  Thus, the Court concludes that Stanley moves only to limit Plaintiff's recovery, and not to dismiss the claim in its entirety.

under Texas law, and if so, whether enforcement of that provision warrants partial dismissal of Plaintiff's claim. That provision provides: "Stanley is not liable for losses which may occur in cases of malfunction or nonfunction of any system . . . even if due to [Stanley's] negligence or failure of performance." Def.'s Brf. Ex. A. at 1. It also provides that if the liability waiver is found to be unenforceable, "liability shall be limited to an amount equal to the annual service charge or $10,000, whichever is less." *Id.* Further, that amount "shall be [Stanley's] sole and exclusive liability regardless of whether the loss or damage is caused by the performance or non-performance of obligations under this contract or by negligence . . . of Stanley." *Id.* Friendly Liquor's annual service charge was $1,380. *See id.* at 1, 4 (stating that the monthly service charge was $115).

Texas courts have repeatedly upheld liability limiting clauses in alarm contracts. *See e.g.*, *Vallance & Co. v. DeAnda*, 595 S.W.2d 587, 589 (Tex. Civ. App.—San Antonio 1980, no writ); *Schepps v. Am. Dist. Tel. Co. of Tex.*, 286 S.W.2d 684, 690 (Tex. Civ. App.—Dallas 1955, no writ). In *Vallance*, a Texas appellate court analyzed the effect of a supposed "liquidated damages" clause in an alarm contract. *Vallance*, 595 S.W.2d at 588. That provision purported to limit the alarm company's liability to six months of the service charge, even if the damages were "due to the negligence" of the alarm company. *Id.* at 589. The court concluded that, despite its label, the clause did not provide for liquidated damages, but rather a limit on liability. *Id.* at 590. That limit, according to the *Vallance* court, was valid and enforceable, and it did not violate public policy. *Id.* Indeed, the court concluded "there is a sound policy reason compelling enforcement" in situations where "a burglar alarm company undertakes to provide protective services under terms limiting its liability for the ineffectiveness of the performance of those services." *Id.*

Another Texas appellate court reached a similar conclusion in *Arthur's Garage, Inc. v. Racal-Chubb Sec. Sys., Inc.*, 997 S.W.2d 803 (Tex. App.—Dallas 1999, no pet.).  As did the court in *Vallance*, the *Arthur's Garage* court concluded (1) that similar language in an alarm contract was a liability limiting provision, not a liquidated damages clause, (2) that such provisions were valid unless they violated public policy, and (3) that the provision at issue did not violate public policy.  *Id.* at 810–11.  Expounding on the public policy rationale, the court noted that greater liability for alarm companies would be passed on to consumers in higher costs, and that consumers are better off seeking protection for such losses from insurance companies.  *Id.*

Like the contractual provisions in *Vallance* and *Arthur's Garage*, the one at issue here establishes an enforceable limit on liability.  It, too, is labeled a "liquidated damages" clause, but clearly serves as a ceiling on amounts recoverable, not as a lump sum to be automatically triggered upon a finding of liability.  *Vallance* and *Arthur's Garage* unequivocally establish that such provisions are presumptively valid and supported by public policy.  Plaintiff has pled no facts that might rebut that presumption, and the Court declines to infer any.  *See Posey v. Sw. Bell Yellow Pages, Inc.*, 878 S.W.2d 275 (Tex. App.—Corpus Christi 1994, no writ) ("An allegation that a provision in a contract is void, unenforceable or unconscionable is a matter of avoidance which must be pled.").

At least one court applying Texas law has granted partial dismissal on facts similar to those before the Court.  *See Children's Surgical Foundation, Inc. v. National Data Corp.*, 121 F. Supp. 2d 1221 (N.D. Ill. 2002).  In *Children's*, the defendant "aske[d] the court to dismiss all portions of plaintiff's complaint that seek damages in excess of the limitation clause contained in the contract."  *Id.* at 1223.  Applying Texas law, the court determined that the limitation clause

was valid, and granted the motion to dismiss. The function of this dismissal was to "limit plaintiff's damage claim to the amount provided for in" the limitation provision. *Id.* at 1228.

As in *Children's*, the Court concludes that the Agreement contains a valid limitation clause, and that Plaintiff's breach of contract claim should be limited accordingly. Therefore, the Court **GRANTS** Stanley's Motion to Dismiss the portions of the Complaint seeking in excess of the contractual limit, which dismissal simply caps Plaintiff's recovery, if any, at $1,380.

**SO ORDERED**.

April 19, 2013.

**BARBARA M. G. LYNN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**